IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HARRIS NEWS AGENCY, INC., | |
| Plaintiff, | 7:13CV5012 |
| vs. | MEMORANDUM AND ORDER |
| WILLIAM L. BOWERS, Deputy Assistant Director of Industry Operations Bureau of Alcohol Tabacco Firearms and Explosives; | |
| Defendant. | |

Harris News Agency, Inc. has filed this action to challenge the Bureau of Alcohol, Tobacco, Firearms and Explosives' ("ATF") denial of the plaintiff's Application for Federal Firearm License pursuant to the Gun Control Act ("GCA"), 18 U.S.C. § 921-931.  ATF denied the application after concluding the plaintiff, through its responsible persons James Harris, Jr. and Lois Harris, willfully violated the GCA.

The administrative record of the ATF review and proceedings was filed of record on June 12, 2014.  (Filing No. 21, Filing No. 22).  The parties were not ordered to file a Rule 26(f) scheduling report.  Instead, the court set deadlines for resolving this case on cross-motions for summary judgment based on the administrative record.  (Filing No. 24).

At some date prior to July 18, 2014, the plaintiff served Interrogatories, Requests for Admissions, and Requests for Production on the government.  The government responded on July 18, 2014.  (Filing No. 27).  These responses apparently included objections to all or at least some of the discovery served.  The plaintiff did not file a motion to compel or advise the court that it believed discovery was needed prior to the summary judgment deadline.

On August 25, 2014, the plaintiff and the government timely filed their cross-motions for summary judgment.  (Filing No. 28; Filing No. 30).  On that same day, the plaintiff filed a motion to compel.  (Filing No. 32).  For the reasons stated below, the motion to compel will be denied.

ANALYSIS

The plaintiff's discovery requests, and the government's responses to that discovery, are not filed of record.  So the court has no evidence before it on the motion to compel.  <u>See</u> NECivR 7.1(a)(2)(A).

When reviewing the ATF's denial of an FFL license, the district court is afforded discretion to receive additional evidence for consideration along with the administrative record "when some good reason to do so either appears in the administrative record or is presented by the party petitioning for judicial review." <u>Stein's, Inc. v. Blumenthal</u>, 649 F.2d 463, 466 (7th Cir. 1980).  On the record before me, the plaintiff has failed to show that the administrative record should be supplemented with the information it requested in its discovery because the administrative record alone provides an insufficient or incomplete basis for reaching a just and fair decision in this case.

The plaintiff argues the government must respond to discovery so the record can be supplemented and the court can determine whether ATF had a "complete lack of any basis for reaching the conclusions it did." <u>Filing No. 33, at CM/ECF p. 3</u>.  But adding information to the record will not prove the current record lacks facts sufficient to support ATF's decision.  Additional evidence could undermine the credibility of the facts of record, or provide context to their meaning, but the plaintiff has failed to show how the discovery it requests could serve those purposes.

An FFL application can be denied if the applicant "willfully violated" <u>18 U.S.C. § 923(d)(1)(C)</u> or its regulations.  "For the government to prove a willful violation of the federal firearms statutes, it need only establish that a licensee knew of its legal obligation and 'purposefully disregarded or was plainly indifferent to the . . . requirements.' " <u>Meester v. Bowers</u>, 2013 WL 3872946, 6 (D. Neb. 2013).  As to the issue of whether the plaintiff "willfully" violated the firearms statutes, the plaintiff already possesses any facts bearing on that issue.  Specifically, the plaintiff itself can state what it knew; what notice it received; and how or why it, through its responsible persons, acted or failed to act as it did.  While the

plaintiff has apparently requested discovery regarding the ATF's internal policies and procedures, it has made no showing of how that information is relevant to the issues currently before the court on summary judgment. The ATF procedural mechanisms and its investigative and decision-making processes are not relevant when deciding whether the plaintiff willfully violated federal firearms laws. Taylor v. Hughes, 2012 WL 4327035, 6 (M.D. Pa. 2012).

Accordingly, based on the record before the court,

IT IS ORDERED that the plaintiff's motion to compel, (Filing No. 32), is denied.

October 3, 2014.

BY THE COURT:

s/ Cheryl R. Zwart
United States Magistrate Judge

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.