IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| HARRIS NEWS AGENCY, INC., d/b/a JIM'S HOBBIES, | ) ) ) | 7:13CV5012 |
| Petitioner, | ) ) | |
| v. | ) ) ) | MEMORANDUM AND ORDER |
| WILLIAM L. BOWERS, Deputy Assistant Director of Industry Operations Bureau of Alcohol Tobacco Firearms and Explosives, | ) ) ) ) ) ) | |
| Respondent. | ) | |

Following a successful appeal, and the entry of judgment in its favor, Petitioner requests an award of attorneys' fees and expenses under 18 U.S.C. § 924(d)(2)(B) of the Gun Control Act of 1986 ("GCA"), as amended,[1] or, alternatively, under 28 U.S.C. § 2412(d) of the Equal Access to Justice Act ("EAJA").[2] For the reasons discussed below, the motion will be denied with respect to the GCA fee request and will be granted in part and denied in part with respect to the EAJA fee request.

## I. BACKGROUND

On November 21, 2012, Lois Harris and her son, James Harris, Jr., filed an application with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") for the issuance of a firearms dealer license to Petitioner, Harris News Agency, Inc., doing business as Jim's Hobbies. The application was denied on April 11, 2013, by Respondent, William L. Bowers, ATF's

---

[1] Petitioner's motion erroneously references 18 U.S.C. § 922(d)(2)(B).

[2] Petitioner's motion erroneously references 28 U.S.C. § 2414(d).

Deputy Assistant Director of Industry Operations, Kansas City Field Division, with the explanation that he had reason to believe Petitioner had willfully violated 18 U.S.C. § 922(g)(1)[3] by allowing Brian Harris, a convicted felon, to handle firearms as an employee of Jim's Hobbies when the business was owned by James Harris, Sr. (husband of Lois and father of James, Jr. and Brian).[4] Petitioner thereafter requested a hearing as provided in 18 U.S.C. § 923(f)(2).[5] An informal hearing[6] was held on August 28, 2013, and thereafter the hearing officer sent a report to Respondent in which he concluded that Lois Harris and James Harris, Jr., both of whom worked at Jim's Hobbies, had willfully violated the GCA. On September 27, 2013, Respondent again denied Petitioner's application, finding that "Applicant, through its responsible

---

[3] "It shall be unlawful for any person ... who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year ... to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." 18 U.S.C. § 922(g)(1). Respondent claimed Petitioner violated the GCA by aiding and abetting the offense. See 18 U.S.C. § 2(a) ("Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.").

[4] The GCA provides that "[n]o person shall engage in the business of ... dealing in firearms ... until he has filed an application with and received a license to do so from the Attorney General." 18 U.S.C. § 923(a). The Attorney General's authority has been delegated to the ATF. See 28 C.F.R. § 0.130(a)(1). "Any application submitted under ... subsection (a) of ... section [923] shall be approved if the applicant has not willfully violated any of the provisions of this chapter or regulations issued thereunder" and is otherwise qualified. 18 U.S.C. § 923(d)(1)(C).

[5] "If the Attorney General denies an application for, or revokes, a license, he shall, upon request by the aggrieved party, promptly hold a hearing to review his denial or revocation." 18U.S.C. § 923(f)(2).

[6] Administrative Procedure Act adjudication requirements do not apply to an ATF hearing to review the denial of a firearms dealer license. See *Arwady Hand Trucks Sales, Inc. v. Vander Werf*, 507 F.Supp.2d 754, 760 (S.D.Tex. 2007); 5 U.S.C. § 554(a)(1).

persons[7] James Harris, Jr. and Lois Harris, willfully violated the GCA by allowing a person who had been convicted in any court of a crime punishable by imprisonment for a term exceeding one year to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce" (Filing No. 21-4 at CM/ECF p. 3). This action was filed on November 27, 2013, pursuant to 18 U.S.C. § 923(f)(3).[8]

---

[7] A "responsible person" for a license is "a sole proprietor" or "[i]n the case of a corporation, partnership, or association, any individual possessing, directly or indirectly, the power to direct or cause the direction of the management, policies, and practices of the corporation, partnership, or association, insofar as they pertain to firearms." AFT E-Form 7 (5310.12) (May 2005 revision) instructions paragraph 10, available online at https://www.atf.gov/files/forms/download/atf-f-5310-12.pdf.

[8] Section 923(f)(3) provides:

> If after a hearing held under paragraph (2) the Attorney General decides not to reverse his decision to deny an application or revoke a license, the Attorney General shall give notice of his decision to the aggrieved party. The aggrieved party may at any time within sixty days after the date notice was given under this paragraph file a petition with the United States district court for the district in which he resides or has his principal place of business for a de novo judicial review of such denial or revocation. In a proceeding conducted under this subsection, the court may consider any evidence submitted by the parties to the proceeding whether or not such evidence was considered at the hearing held under paragraph (2). If the court decides that the Attorney General was not authorized to deny the application or to revoke the license, the court shall order the Attorney General to take such action as may be necessary to comply with the judgment of the court.

18 U.S.C. § 923(f)(3). "[T]he district court, consistent with its obligation to review the matter de novo, may accord the [ATF's] findings such weight as it believes they deserve in light of the evidence in the administrative record and the evidence, if any, the district court receives to supplement that record. In this sense, the [ATF's] decision may be upheld when the trial court concludes in its own judgment that the

-3-

In a memorandum and order entered on December 5, 2014, I entered judgment in favor of Respondent and dismissed the action after finding, among other things, that "substantial evidence supports a finding that James Harris, Jr., violated the Gun Control Act by allowing his brother, a convicted felon, to possess firearms at Jim's Hobbies" (Filing No. 39 at CM/ECF p. 15). Central to my ruling was a finding of fact made by Respondent that "James Harris, Jr. worked as a manager at [Jim's Hobbies]" (Filing No. 21-4 at CM/ECF p. 3; Filing No. 39 at CM/ECF p. 15). This finding was supported by evidence that James, Jr. identified himself as "manager" on certain ATF forms and admitted during the agency hearing that he was the store manager (Filing No. 39 at CM/ECF pp. 11-12).

The United States Court of Appeals for the Eighth Circuit reversed and remanded with directions to enter summary judgment in favor Petitioner, concluding there was no evidence that "Lois and James Jr. affirmatively helped Brian possess guns illegally[.]" *Harris News Agency, Inc. v. Bowers*, 809 F.3d 411, 414 (8th Cir. 2015) (Filing No. 47 at CM/ECF p. 4). The Court of Appeals concluded that even if James Jr. had supervisory authority over gun sales and services as the store manager, "that would imply, at most, that James Jr. knew Brian handled guns and could have stopped him, but did not, which is still no more than negative acquiescence." *Id.*

## II. DISCUSSION

### A. Timeliness of Petitioner's Motion

Unless a statute or a court order provides otherwise, a motion for attorneys' fees and related nontaxable expenses must be filed no later than 14 days after the entry of judgment. Fed. R. Civ. P. 54(d)(2)(B)(i). There is no court order establishing a different deadline in this case. The GCA's fee-shifting statute, 18 U.S.C. § 924(d),

---

evidence supporting the decision is 'substantial.'" *Shawano Gun & Loan, LLC v. Hughes*, 650 F.3d 1070, 1076 (7th Cir. 2011) (quoting *Stein's, Inc. v. Blumenthal*, 649 F.2d 463, 466 (7th Cir. 1980)).

does not specify a time for filing a motion. Under the EAJA, however, a party seeking an award of fees and other expenses has 30 days from the entry of final judgment to file an application. *See* 28 U.S.C. § 2412(d)(1)(B).

On March 3, 2016, following issuance of the Court of Appeals' mandate, I entered judgment providing: "[S]ummary judgment is entered for Petitioner and against Respondent and Respondent's revocation of Petitioner's Federal Firearms License is set aside" (Filing No. 50). On March 14, 2016, the parties filed a joint motion to amend the judgment to correct a mistake in its wording (Filing No. 51). The motion was granted and an amended judgment was entered on March 21, 2016, which set aside "Respondent's denial of Petitioner's Federal Firearms License application" instead of a license revocation (Filing No. 52). Petitioner's motion for attorneys' fees was filed 11 days later, on April 1, 2016 (Filing No. 53).

Although I would conclude that Petitioner was required to file the motion for attorneys' fees under 18 U.S.C. § 924(d)(2)(B) within 14 days after judgment was originally entered on March 3, 2016, rather than within 14 days after the judgment was corrected on March 21, 2016,[9] Respondent has not objected to the motion as

---

[9] The parties' joint motion was made pursuant to Federal Rule of Civil Procedure 59(e), as "a motion to alter or amend a judgment," but it is more properly classified as a Rule 60(a) motion, which provides that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). Because the case was remanded with directions to enter summary judgment in favor of Petitioner, this court's entry of judgment on March 3, 2016, was "a purely ministerial or clerical act." *Thornton v. Carter*, 109 F.2d 316, 321 (8th Cir. 1940). "[T]he substance of a motion rather than the form of a motion is controlling." *BBCA, Inc. v. United States*, 954 F.2d 1429, 1431-32 (8th Cir. 1992) (treating Rule 59(e) motion as Rule 60(a) motion). The purpose of a Rule 59(e) motion is to correct manifest errors of law or fact or to present newly discovered evidence. *See Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988). By contrast, "[u]nder Rule 60(a) a court may correct a judgment 'so as to reflect what was understood, intended and agreed upon by the parties and the court.'" *Kocher v. Dow Chem. Co.*, 132 F.3d 1225,

being untimely. Because Rule 54(d)(2) is a "claims-processing rule" rather than a jurisdictional provision, it may be waived by a litigant who does not assert its protection. *See, generally,* Henderson ex rel. Henderson v. Shinseki, 562 U.S. 428, 435 (2011) ("'[C]laim-processing rules' ... are rules that seek to promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times"); Bowles v. Russell, 551 U.S. 205, 218 (2007) ("A filing deadline is the paradigm of a claim-processing rule...."); Eberhart v. United States, 546 U.S. 12, 19 (2005) ("These claim-processing rules thus assure relief to a party properly raising them, but do not compel the same result if the party forfeits them."); Kontrick v. Ryan, 540 U.S. 443, 456 (2004) ("[A] claim-processing rule, ... even if unalterable on a party's application, can nonetheless be forfeited if the party asserting the rule waits too long to raise the point."). I therefore will address the merits of Petitioner's claim for attorneys' fees under the Gun Control Act.

---

1229 (8th Cir. 1997) (quoting *United States v. Mansion House Ctr. N. Redev. Co.,* 855 F.2d 524, 527 (8th Cir. 1988) (per curiam)). Rule 60(a) "permits only a correction for the purpose of reflecting accurately a decision that the court actually made." *Id.* (quoting *Truskoski v. ESPN, Inc.,* 60 F.3d 74, 77 (2d Cir.1995) (per curiam). "The basic distinction between 'clerical mistakes' and mistakes that cannot be corrected pursuant to Rule 60(a) is that the former consist of 'blunders in execution' whereas the latter consist of instances where the court *changes its mind,....*" *Blanton v. Anzalone,* 813 F.2d 1574, 1577 n. 3 (9th Cir. 1987) (emphasis in original). While a Rule 59(e) motion could toll the 14-day period for filing a motion for attorney's fees under Rule 54(d)(2) because a substantive change to the judgment might affect the attorney's fee issue, *see, e.g.,* Javetz v. Bd. of Control, Grand Valley State Univ., 164 F.R.D. 447, 448 (W.D. Mich. 1996) (analogizing to tolling time for appeal from judgment under Fed. R. App. P. 4(a)(4)), I find no authority which holds that a Rule 60(a) motion serves to extend the time to file a motion for attorney's fees. To the contrary, it has been held that a Rule 54(d)(2) motion must be filed within 14 days after the entry of judgment even though a Rule 60(a) motion has been filed. *See* Kazazian v. Bartlett & Bartlett LLP, No. 03 Civ. 7699(LAP), 2007 WL 4563909, at *3 (S.D.N.Y. Dec. 19, 2007) (citing Fed. R. Civ. P. 60(c)(2), which provides: "The motion does not affect the judgment's finality or suspend its operation.").

### B. Attorneys' Fees Under the Gun Control Act

Petitioner seeks to recover attorneys' fees pursuant to 18 U.S.C. § 924(d)(2)(B), which was enacted as part of the Firearms Owners' Protection Act of 1986 ("FOPA"), Pub. L. No. 99-308, 100 Stat. 449 (1986). This fee-shifting statute provides:

> (A) In any action or proceeding for the return of firearms or ammunition seized under the provisions of this chapter, the court shall allow the prevailing party, other than the United States, a reasonable attorney's fee, and the United States shall be liable therefor.
>
> (B) In any other action or proceeding under the provisions of this chapter, the court, when it finds that such action was without foundation, or was initiated vexatiously, frivolously, or in bad faith, shall allow the prevailing party, other than the United States, a reasonable attorney's fee, and the United States shall be liable therefor.

18 U.S.C. § 924(d)(2)(B). Petitioner claims Respondent's denial of its application for a firearms dealer license was "without foundation" because there was no evidence to support a finding that Lois Harris or James Harris, Jr. aided and abetted Brian Harris in violating 18 U.S.C. § 922(g)(1).

Respondent argues this provision only applies to "lawsuits brought in federal court" (Filing No. 54 at CM/ECF p. 3). As authority, Respondent cites *National Rifle Association v. Bensten*, 999 F.2d 772 (4th Cir. 1993), in which the NRA sought to recover attorneys' fees for a successful legal challenge to certain regulations promulgated by the ATF. The Fourth Circuit affirmed the district court's denial of the NRA's fee request, stating:

> To recover a reasonable attorney's fee under § 924(d)(2)(B) on the "without foundation" theory advanced here, the statutory text plainly requires the NRA to show (1) an "action or proceeding" (hereinafter simply an "action") other than one "for the return of firearms or ammunition seized," (2) which is "under" Chapter 44 [of Title 18,

-7-

> Part I], (3) which is "without foundation," and (4) with respect to which the NRA was a "prevailing party."
>
> ... But the action for which the NRA sought fees below, and in which it is a prevailing party, is unquestionably the lawsuit, not the agency rulemaking....
>
> Examining that action, it becomes obvious that the NRA's lawsuit fails to satisfy the third of the § 924(d)(2)(B) requirements we identified above, that the action for which recovery is sought be "without foundation." Far from being without foundation, the NRA's suit achieved at least part of its goal, the invalidation of certain BATF regulations. Had it been otherwise, the NRA could not now claim to be a prevailing party.
>
> The NRA seeks to evade this result by improperly conflating its lawsuit and the agency rulemaking, arguing that § 924(d)(2)(B) permits it to recover as a prevailing party in its *judicial* action to invalidate an *agency* action that was without foundation. Section 924(d)(2)(B)'s language, however, quoted above, makes clear that the action for which fees are sought by the prevailing party and the action that is without foundation must be one and the same. That's not so here, so the statute doesn't apply.

Id. at 774 (emphasis in original). The Court of Appeals further explained that "only defendants are entitled to recover under § 924(d)(2)(B) in actions found to be 'without foundation,' because it is only defendants who necessarily prevail in such cases.... Defenses against suit are not 'actions or proceedings'; the suits themselves are." Id. at 774 n. 4.[10] In effect, the *Bensten* decision holds that § 924(d)(2)(B) only applies to unsuccessful court actions brought by the government.

---

[10] Arguably, the NRA's lawsuit was not even an action "under" the GCA, but the Fourth Circuit considered it unnecessary to decide this issue. See Bensten, 999 F.2d at 774 n. 3.

Neither the Eighth Circuit nor any other federal appellate court has had an occasion to construe § 924(d)(2)(B) since it was enacted thirty years ago.[11] In fact, this statutory provision has only been the subject of two reported district court decisions involving a petition for judicial review filed pursuant to § 923(f)(3). In both cases, it was assumed that § 924(d)(2)(B) applies, but no fees were awarded.[12] *See Petition of Porrazzo*, 771 F. Supp. 304, 306-07 (D. Nev. 1991) (holding that although ATF's denial of petitioner's application for reinstatement of privilege to possess firearms was arbitrary and capricious, petitioner was not entitled to recover costs and fee under § 924(d)(2)(B) "because the government did not defend the action vexatiously,

---

[11] In *United States v. Gilbert*, 198 F.3d 1293, 1301 n. 4 (11th Cir. 1999), involving a prevailing criminal defendant's motion for attorneys' fees under the Hyde Amendment, the Eleventh Circuit commented that [a]lthough there is little case law on the Firearms Act, the 'bad faith, without foundation, vexatiously or frivolously' language permits recovery 'only in very limited, specifically articulated instances.'" (quoting *United States v. Fourteen Various Firearms*, 899 F.Supp. 249, 253 (E.D.Va. 1995)).

[12] Respondent has also attached to his brief a copy of an unreported decision that was issued by the United States District Court for the Eastern District of North Carolina on June 10, 2009, in two cases, *Jim's Pawn Shop, Inc.d/b/a Jim's Gun Jobbery v. Carlton Bowers*, No. 5:05-CV-525-H(3), and *JPS of Wilmington d/b/a Jim's Pawn & Gun v. Carlton Bowers*, No. 7:05-CV-142-H(2). The district court held that even though the petitioners prevailed on the determinative issue of whether they had willfully violated the GCA, they were not entitled to recover fees and expenses under § 924(d)(2)(B) because "the government's attempted license revocation was not without foundation or initiated vexatiously, frivolously, or in bad faith" (Filing No. 54-1 at CM/ECF p. 4). There was no discussion of the legal issue concerning the applicability of the fee-shifting statute to petitions for judicial review filed under § 923(f)(3), nor was any reference made to the Fourth Circuit's *Bentsen* opinion, which the North Carolina district court was obliged to follow. Interestingly, it was the respondent ATF official in the North Carolina cases who urged the court to apply § 924(d)(2)(B) instead of the EAJA, which was the only basis upon which the petitioner had moved for attorney's fees. The court made an alternative finding that the respondent's positions in the litigation and in the underlying attempted license revocation were substantially justified, such that the petitioner was not entitled to a fee award under the EAJA, either.

frivolously or in bad faith, nor was the defense without foundation.")[13]; *Dick's Sporting Goods, Inc. v. Boydston*, 143 F.Supp.3d 732-41 (W.D. Tenn. 2015) (finding that although ATF investigation which resulted in revocation of petitioner's firearms dealer license was flawed, it was not "without foundation," nor was it "initiated vexatiously, frivolously, or in bad faith").[14]

Petitioner argues that the "action" in this case is the AFT's denial of the application for a firearms dealer license, but this argument ignores the plain language of the statute, which requires or authorizes the court "[*i*]n any action or proceeding for the return of firearms or ammunition seized under the provisions of this chapter" or "[*i*]n any other action or proceeding under the provisions of this chapter" to award a reasonable attorney's fee to the prevailing party. 18 U.S.C. § 924(d)(2)(B) (emphasis supplied). Congress clearly intended the statute to apply only to judicial actions or proceedings.[15] The statutory language also "makes clear that the action for which fees

---

[13] The Nevada court evidently considered the ATF's denial of the petitioner's application to be an "action or proceeding" under the CGA.

[14] The Tennessee court evidently considered the ATF's revocation of the petitioner's license to be an "action or proceeding" under the GCA.

[15] Indeed, this intent is reflected in the legislative history of FOPA, as the Senate Subcommittee on the Constitution stated:

> By providing for award of attorney's fees *in confiscation cases, or in other cases* if the judge finds charges were brought without just basis or from improper motives, this proposal would be largely self-enforcing. S. 1030 would enhance vital protection of constitutional and civil liberties of those Americans who choose to exercise their Second Amendment right to keep and bear arms.

"The Right to Keep and Bear Arms" Report of the Subcommittee on the Constitution, Senate Judiciary Committee, 97th Cong., 2d Sess., at 23 (1982) (emphasis supplied). Similarly, the 1982 Senate Judiciary Committee report explained the fee provision as follows:

-10-

are sought by the prevailing party and the action that is without foundation must be one and the same. That's not so here, so the statute doesn't apply." *Bensten*, 999 F.2d at 774.

### C. Attorneys' Fees Under the Equal Access to Justice Act

The Equal Access to Justice Act applies only to claims for attorneys' fees when no other specific statute deals with an award of attorneys' fees against the government. *Dick's Sporting Goods*, 143 F. Supp. 3d at 741. Because 18 U.S.C. § 924(d)(2)(B) does not apply to a petition for review of a firearms dealer license,[16] Petitioner can apply for attorneys' fees under the EAJA, which states in relevant part:

> (d)(1)(A) Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency

---

> If an individual has in fact been deprived of his property unjustly, and establishes such in court, there is little reason to put the burden of costs upon the just claimant rather than those who have unjustly taken his possessions. Such an award is likewise to be made in *any other action, civil or criminal*, under this chapter, where the court finds it was undertaken without foundation or from specified bad motives.

Senate Judiciary Committee Rep. 476, 97th Cong., 2d Sess. 24 (1982) (emphasis supplied). *Accord* Senate Judiciary Committee Rep. 583, 98th Cong., 2d Sess., 25 (1984).

[16] Respondent, after arguing that "Harris News cannot be awarded attorneys' fees under this GCA fee statute because this provision only provides for fees to a party who successfully defends against a Government attempt to enforce regulations against him" (Filing No. 54 at CM/ECF p. 3), reverses his stance to argue that "Harris News' request for fees pursuant to the EAJA should be denied" because "the GCA attorney fee provision under 18 U.S.C. § 924(d)(2)(B) applies, not the EAJA" (Filing No. 54 at CM/ECF p. 8). I accept the first argument to the exclusion of the second.

-11-

action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

> (B) A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

>      * * *

(2) For the purposes of this subsection--

> (A) "fees and other expenses" includes . . . reasonable attorney fees (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that ... attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.);

> (B) "party" means ... any ... corporation, ... the net worth of which did not exceed $7,000,000 at the time the civil action was filed, and which had not more than 500 employees at the time the civil action was filed ....

28 U.S.C. § 2412.

"To receive an award of attorneys' fees and expenses under EAJA, five conditions must be met: (1) the fee application must be submitted within 30 days of final judgment in the action and be supported by an itemized statement; (2) at the time the civil action was initiated, the applicant, if a corporation, must not have been valued at more than $7,000,000 in net worth or employed more than 500 employees; (3) the applicant must have been the 'prevailing party' in a civil action brought by or against the United States; (4) the Government's position must not have been 'substantially justified;' and (5) there cannot exist any special circumstances that would make an award unjust." *WHR Grp., Inc. v. United States*, 121 Fed. Cl. 673, 676 (2015). "Where, as here, the Government loses its case on the merits, it bears the burden of showing that its position was 'substantially justified.'" *Id.*

The first condition is satisfied because Petitioner filed its "motion for fees and costs" within 30 days after judgment was entered on remand and attached to the motion is a supporting affidavit of Petitioner's counsel which lists and describes fees and expenses incurred. Petitioner seeks an award in the total amount of $57,862.84.

Petitioner has not alleged, or presented evidence in support of its motion to establish, that it is an eligible "party" under the EAJA, but Respondent has not contested the motion for attorneys' fees on this basis. Because Respondent has not raised the issue, and because the record reflects that Jim's Hobbies is a family-run store in North Platte, Nebraska, I will assume that Harris News Agency, Inc., does not have more than 500 employees or a net worth over $7 million.[17]

---

[17] Section 2412(d)(1)(B)'s "30-day deadline for fee applications and its application-content specifications are not properly typed 'jurisdictional.'" *Scarborough v. Principi*, 541 U.S. 401, 414 (2004) (EAJA fee application can be amended after 30-period to allege that government's position in underlying litigation lacked substantial justification). Thus, had the eligibility issue been raised by Respondent, Petitioner might have been allowed to amend and to present evidence. *See, e.g.*, *Bazalo v. W.*, 150 F.3d 1380, 1383 (Fed. Cir. 1998) (EAJA applicant who alleged he was "prevailing party" could supplement application after 30-day filing period to establish financial eligibility).

Petitioner was the prevailing party on appeal, and the motion alleges that "ATF's action was both factually and legally deficient, and therefore not 'substantially justified' by any measure" (Filing No. 53 at CM/ECF p. 5). Respondent claims his position in the litigation was substantially justified because "even though the decision [to deny the license application] was overturned by the Eighth Circuit's ruling, ATF had a reasonable basis in law and fact for articulating that the responsible parties at Harris News were aiding an abetting a convicted felon in his possession of firearms" (Filing No. 54 at CM/ECF p. 12). Respondent does not claim there are any special circumstances that would make an award unjust, but he does dispute that attorneys' fees may be awarded for services related to the administrative hearing or attempts at discovery in the district court, and he objects to any fee award which is based on a hourly rate in excess of the default statutory maximum of $125.

### 1. *Substantial Justification*

"Substantially justified" means "justified to a degree that could satisfy a reasonable person." *Bah v. Cangemi*, 548 F.3d 680, 683-84 (8th Cir. 2008) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). A substantially justified position need not be correct so long as "a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Id.* at 683-84 (quoting *Pierce*, 487 U.S. at 566 n. 2). The government may also be justified in litigating a legal question that is unsettled in this circuit. *Id.* at 684 (citing *Cornella v. Schweiker*, 741 F.2d 170, 172 (8th Cir. 1984)). The government bears the burden of showing that its position was substantially justified. *Id.* (citing *Friends of the Boundary Waters Wilderness v. Thomas*, 53 F.3d 881, 885 (8th Cir. 1995)).

Respondent argues his position was substantially justified because the issues were of a "fact intensive nature," *see Kaffenberger v. United States*, 314 F.3d 944, 960 (8th Cir. 2003); *United States v. Hurt*, 676 F.3d 649, 653 (8th Cir. 2012) ("Where a case involves primarily factual questions, this court has found that the government's position was substantially justified."), but the Eighth Circuit concluded as a matter of

law that he had no authority to deny Petitioner's license application—otherwise it could not have directed that summary judgment be entered in Petitioner's favor. Because the Court of Appeals reached this conclusion by applying existing law regarding the crime of aiding and abetting, I must find that Respondent's position was not substantially justified even though I earlier found as a matter of law that he acted properly.

### 2. Attorneys' Services

Petitioner seeks to recover all fees and expenses that were incurred for legal services associated with the administrative hearing (approximately $10,000), the district court action (approximately $17,000), the appeal (approximately $29,000), and the motion for attorneys' fees (approximately $2,000). Each of these proceedings will be examined below.

#### a. Administrative Hearing

The Supreme Court has held that "where administrative proceedings are intimately tied to the resolution of the judicial action and necessary to the attainment of the results Congress sought to promote by providing for fees, they should be considered part and parcel of the action for which fees may be awarded." *Sullivan v. Hudson,* 490 U.S. 877, 888 (1989) (approving attorneys' fee award for administrative proceedings on remand to Social Security Administration from district court). But the Eighth Circuit has stated that "*Hudson*'s interpretation of the EAJA should be narrowly applied," and that "pre-litigation administrative proceedings do not have the requisite ancillary relationship with the judicial action, to permit a reward of fees under *Hudson*." *Friends of Boundary Waters Wilderness v. Thomas,* 53 F.3d 881, 887-88 (8th Cir. 1995) (internal quotation and citations omitted).[18]

---

[18] 28 U.S.C. § 2412(d)(3) provides that "[i]n awarding fees and other expenses under this subsection to a prevailing party in any action for judicial review of an adversary adjudication, as defined in subsection (b)(1)(C) of section 504 of title 5,

Under the law of this circuit (and others), the EAJA does not allow Petitioner to recover any attorneys' fees or expenses for the pre-litigation administrative hearing. Consequently, no fees will be awarded for 32 hours of attorney time for services that were performed on or before August 28, 2013. I will also disallow $740.40 in expenses that are claimed for this time period.

### *b. District Court Action*

Respondent opposes Petitioner's request for attorneys' fees for 18 hours of work that was performed between June 17, 2014, and October 3, 2014, related to discovery requests and an unsuccessful motion to compel discovery. I agree with Respondent that such expenditure of time was unnecessary and that it would be unreasonable to award Petitioner fees for attempting needless discovery.

On June 12, 2014, Respondent answered Petitioner's complaint and filed a complete copy of the administrative record in the case (Filing Nos. 20, 21, 22). On June 16, 2014, the court entered an order which established a briefing schedule for resolving the case on cross-motions for summary judgment and which expressly stated that "the court's review on this case will be limited to the Administrative Record" (Filing No. 24).

Despite the court's scheduling order, Petitioner served interrogatories, requests for production, and requests for admission upon Respondent, and then filed a motion to compel after Respondent objected (Filing Nos. 27, 32). On October 3, 2014, the court entered a memorandum and order denying the motion to compel because

---

United States Code, ... the court shall include in that award fees and other expenses to the same extent authorized in subsection (a) of such section, unless the court finds that during such adversary adjudication the position of the United States was substantially justified, or that special circumstances make an award unjust," but the informal hearing that was held pursuant to 18 U.S.C. § 923(f)(2) was not an "adversary adjudication" as defined in 5 U.S.C. § 504 (b)(1)(C).

Petitioner "did not file a motion to compel or advise the court that it believed discovery was needed prior to the summary judgment deadline," Petitioner "failed to show that the administrative record should be supplemented with the information it requested in its discovery because the administrative record alone provides an insufficient or incomplete basis for reaching a just and fair decision in this case," and Petitioner "made no showing of how [the requested] information is relevant to the issues currently before the court on summary judgment" (Filing No. 38).

The court has broad discretion to determine the amount of time reasonably expended. See *Johnson v. Sullivan,* 919 F.2d 503, 505 (8th Cir.1990) ("the ultimate amount of an EAJA fee award remains within the district court's discretion"); *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 163 (1990) ("[A] district court will always retain substantial discretion in fixing the amount of an EAJA award. Exorbitant, unfounded, or procedurally defective fee applications ... are matters that the district court can recognize and discount."). For example, "[t]he district court may grant a partial fee award to reflect a plaintiff's partial success." *Phelps-Roper v. Koster*, 815 F.3d 393, 398 (8th Cir. 2016) (citing *Wal-Mart Stores, Inc. v. Barton,* 223 F.3d 770, 772 (8th Cir. 2000). The Supreme Court recognized "[t]here is no precise rule or formula" for determining a reasonable fee award in light of a plaintiff's partial degree of success. *Hensley,* 461 U.S. at 436.

In this case, because Petitioner undertook discovery without leave of court and failed to show that the administrative record was insufficient or that the requested discovery was even relevant, I conclude that no fees should be awarded for the 18 hours of attorney time that was devoted to discovery matters. Because Respondent does not challenge the other 62.3 hours that were billed for the district court action between November 12, 2013, and October 16, 2014, I find this amount of time to be reasonable. I will also allow $728.08 for expenses incurred during this time period, including attorney admission charges, FedEx charges, and online research charges.

*c. Appeal*

Petitioner should have filed a motion in the Court of Appeals for an award of attorneys' fees incurred on appeal. *See* Rule 47C of the Rules of the United States Court of Appeals for the Eighth Circuit ("A motion for attorney fees, with proof of service, must be filed with the clerk within 14 days after the entry of judgment."). Its failure to do so, however, does not deprive this court of jurisdiction to award attorneys' fees for the appeal. *See Little Rock Sch. Dist. v. State of Ark.*, 127 F.3d 693, 696-97 (8th Cir. 1997). Respondent does not challenge the number of hours spent by Petitioner's attorneys on the appeal[19] or the expenses incurred. I therefore will allow attorneys' fees for 97.5 hours of work performed between December 15, 2014, and December 23, 2015, and expenses related to the appeal, including online research charges, shipping charges, and travel costs, in the amount of $1,587.68.

*d. Fee Application*

Finally, Petitioner requests attorneys' fees for 6.7 hours spent in preparing the motion for attorneys' fees and $57.72 for online research charges. Respondent does not object to these hours or expenses, which will be allowed. *See Kelly v. Bowen*, 862 F.2d 1333, 1334 (8th Cir. 1988) (time spent preparing EAJA fee application is compensable).

*3. Hourly Rates*

The EAJA specifies that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The Eighth Circuit has

---

[19] Respondent suggests that Petitioner should not recover any fees for appealing from the denial of its motion to compel discovery, since the issue was not addressed by the Court of Appeals, but I decline to reduce the number of hours on this basis.

-18-

interpreted this language to mean that "the district court may, *upon proper proof*, increase the [$125] per hour rate for attorney's fees to reflect the increase in the cost of living ...." *Johnson v. Sullivan*, 919 F.2d 503 (8th Cir. 1990) (quoting *Kelly*, 862 F.2d at 1336) (emphasis supplied)). Because Petitioner has presented no evidence to support a higher hourly rate based on an increase in the cost of living, *even after this failure of proof was pointed out in Respondent's brief*, and because no special factor has been shown,[20] the fee award will be capped at the statutory rate of $125 per hour. Thus, I will award attorneys' fees of $7,787.50 for 62.3 hours of work in connection with the district court action, $12,187.50 for 97.5 hours of work on the appeal, and $837.50 for 6.7 hours spent in connection with the fee application, for a total of $20,812.50.

### III. CONCLUSION

In summary, I find that attorneys' fees and expenses are not recoverable under the Gun Control Act in this action for judicial review of a license denial, but that Petitioner, as the prevailing party, is entitled under the EAJA to recover a reasonable attorneys' fee in the amount of $20,812.50, plus expenses in the amount of $2,373.48, for a total award of $23,185.98.

Accordingly,

---

[20] Petitioner's attorneys are located in Dayton, Ohio, and while lead counsel indicates he has "significant experience" regarding ATF firearms license revocations and denials, the case did not require any particular expertise. Indeed, as I stated in the memorandum and order of December 5, 2014, "[t]he facts are relatively simple" and "for the most part, the focus of the case [prior to the appeal, at least, was] upon the 'willfulness' requirement" (Filing No. 39 at CM/ECF p. 5). Petitioner argued, without any competent legal authority, that there was no willful violation of the GCA because its responsible persons were ignorant of the law and did not think it was illegal for a convicted felon to handle firearms as an employee of a licensed firearms dealer.

IT IS ORDERED that Petitioner's motion for attorney's fees (Filing No. 53) is granted in part and denied in part, as follows:

1. Petitioner's request for attorney's fees under the Gun Control Act, 18 U.S.C. § 924(d)(2)(B), is denied.

2. Petitioner's request for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), is granted to the limited extent that Petitioner is awarded the sum of $23,185.98 for attorney's fees and expenses for all proceedings before this court and the Court of Appeals.

3. In all other respects, Petitioner's motion is denied

4. Judgment shall be entered by separate document.

DATED this 15th day of July, 2016.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge